**SEALED**

KYH/PRR USAO#2026R0040

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | * Criminal No. BAH 26cr22 |
| v. | * |
| | * (Conspiracy to Distribute and |
| ZACHARY LEWIS, | * Possess with Intent to Distribute a |
| DWAYNE HAMILTON, and | * Controlled Substance, |
| ELTON JONRAY CRUICKSHANK, | * 21 U.S.C. § 846; Possession with |
| | * Intent to Distribute a Controlled |
| | * Substance, 21 U.S.C. § 841(b)(1)(A); |
| Defendants. | * Possession of a Firearm and |
| | * Ammunition by a Prohibited Person, |
| | * 18 U.S.C. § 922(g)(1); Possession of a |
| | * Firearm in Furtherance of a Drug |
| | * Trafficking Crime, 18 U.S.C. § |
| | * 924(c)(1)(A); Forfeiture, 18 U.S.C. |
| | * § 924(d), 21 U.S.C. § 853, 28 U.S.C. |
| | * § 2461(c)) |
| | * |
| | * **UNDER SEAL** |
| | * |
| ****** | |

## INDICTMENT

### COUNT ONE
**(Conspiracy to Distribute and Possess with Intent to Distribute a Controlled Substance)**

The Grand Jury for the District of Maryland charges that:

From a date unknown to the Grand Jury but no later than June 2025, and continuing through in or around October 31, 2025, in the District of Maryland and elsewhere, the Defendants,

**ZACHARY LEWIS,
DWAYNE HAMILTON, and
ELTON JONRAY CRUICKSHANK,**

knowingly and intentionally combined, conspired, confederated and agreed together and with other persons known and unknown to the Grand Jury, to distribute and possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of

amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 846
21 U.S.C. § 841(a)(1), (b)(1)(A)
18 U.S.C. § 2

## COUNT TWO
### (Possession with Intent to Distribute a Controlled Substance)

The Grand Jury for the District of Maryland further charges that:

On or about October 31, 2025, in the District of Maryland, the Defendant,

### ZACHARY LEWIS,

did knowingly possess with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of amount of cocaine, a Schedule II controlled substance.

21 U.S.C. § 841(a)(1), (b)(1)(A)
18 U.S.C. § 2

## COUNT THREE
### (Possession of a Firearm and Ammunition by a Prohibited Person)

The Grand Jury for the District of Maryland further charges that:

On or about October 31, 2025, in the District of Maryland, the Defendant,

**ZACHARY LEWIS,**

knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm and ammunition, to wit, a Taurus 9mm handgun, bearing serial number ACM675063, and approximately nine (9) rounds of 9mm caliber ammunition, and the firearm and ammunition were in and affecting commerce.

18 U.S.C. § 922(g)(1)

## COUNT FOUR
### (Possession of a Firearm in Furtherance of a Drug Trafficking Crime)

The Grand Jury for the District of Maryland further charges that:

On or about October 31, 2025, in the District of Maryland, the Defendant,

### ZACHARY LEWIS,

did knowingly possess a firearm, that is a Taurus 9mm handgun, bearing serial number ACM675063, in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, that is, possession with the intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a), as alleged in Count Two of this Indictment.

18 U.S.C. § 924(c)(1)(A)

## FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the Defendants that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853, and 28 U.S.C. § 2461(c), in the event of the Defendants' convictions under Counts One through Count Four of this Indictment.

### Narcotics Forfeiture

2. Upon conviction of the offenses alleged in Counts One or Two, the Defendants,

**ZACHARY LEWIS**
**DWAYNE HAMILTON, and**
**ELTON JONRAY CRUICKSHANK,**

shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a):

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses; and

   b. any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

### Firearm and Ammunition Forfeiture

3. Upon conviction of the offenses alleged in Counts Three or Four of this indictment, the Defendant,

**ZACHARY LEWIS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in such offenses.

### Property Subject to Forfeiture

4. The property to be forfeited includes, but is not limited to:

   a. a Taurus 9mm handgun, bearing serial number ACM675063; and

   b. approximately nine (9) rounds of 9mm caliber ammunition.

### Substitute Assets

5. If, as a result of any act or omission of any Defendant, any of the property described above as being subject to forfeiture:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property up to the value of the forfeitable property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

18 U.S.C. § 924(d)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Kelly O. Hayes /PR*
Kelly O. Hayes
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: 1/21/26

7